IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

NEREIDA CANCEL DE RUGG,
Plaintiff

v.

TOGO WEST, Secretary of the Army;
WILLIAM COHEN, Secretary of
Defense; JOHN DOE and RICHARD
DOE,
Defendants

CIVIL 97- 1594 (JAG)

## MAGISTRATE'S JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on motion for partial summary judgment filed on June 12, 2000 by plaintiff Nereida Cancel de Rugg ("Cancel"). (Docket No. 76.) Plaintiff moves for partial summary judgment on the grounds that there is no factual disagreement as to defendants' discriminatory animus regarding her dismissal.(Docket No. 76.) Plaintiff also argues that the actions taken by the defendants ultimately affected and changed the terms and conditions of her employment while working at the San Juan Station Military Entrance Processing Station ("San Juan MEPS"). (Docket No. 76.) On July 10, 2000 defendants Togo West, Jr., Secretary of the Army, and Secretary of Defense William Cohen, filed a motion responding to plaintiff's motion requesting partial summary judgment. (Docket No. 85.) Defendants argue that plaintiff has failed to establish a cause of action under Title VII 42 U.S.C.A.§ 2000 e-2(a) and 2000 e-3(a). (Docket No. 85.)

### I. Procedural Background

In 1980 plaintiff began working for San Juan MEPS as Military Processing Clerk, with the Grade of GS-2. Plaintiff later attained Grade-0204-4, which she maintained for several years until her dismissal on August 2, 1997. Throughout her years at San Juan MEPS, plaintiff's yearly evaluations described her work as highly successful, successful, and

CIVIL 97-1594 (JAG)                                    2

exceptional at times. In early 1994, plaintiff was under supervision of a new rater. Plaintiff's new supervisor issued a Job Expectation Letter in which observations were made as to plaintiff's deficient performance in her duties and her use of her native language, Spanish, at the work place. Plaintiff claims that treatment towards her by her supervisors was harsh. Subsequently, she filed a complaint against San Juan MEPS, denouncing the gender based and national origin discrimination she was receiving from her supervisors at her work place. ( Docket No. 1.)

In or around September 1995, plaintiff had a new supervisor. Plaintiff claims that she was instantly the target of retaliation from her employer, due to the complaint she filed against her previous supervisor, denouncing harsh treatment and gender and national origin discrimination. As a result, she was subjected to additional duties not assigned to anybody else; she was held to a higher standard than her male co-workers; and was expected to process applicants at an unreasonable rate with no additional compensation or other recognition. During the months of September, 1995 through April, 1996, plaintiff claims she was constantly harassed verbally and was put under inordinate and undue pressure on the job. (Docket No. 1.)

On April 22, 1997, plaintiff took action to remedy the national origin and gender-based discrimination of which she had allegedly been a victim while working for MEPS. (Docket No. 1.)Ultimately, this action made plaintiff a target of retaliatory acts from her supervisors, which culminated with plaintiff's dismissal and depravation of her rights secured under Title VII of the Civil Rights Act, 42 U.S.C.A. § 2000 e-2 (a) and 2000 e-3(a). (Docket No. 1.)

On April 6, 2000, defendants filed a motion to dismiss in part all of plaintiff's allegations, for failure to state a claim under which relief can be granted under Rule 12(b)(6), Federal Rules of Civil Procedure (Docket No. 70.) Defendants also moved for

CIVIL 97-1594 (JAG)                                3

Summary Judgment pursuant to Rule 56(b), Federal Rules of Civil Procedure (Docket No. 70.) On March 11, 2000 the court entered an opinion and order regarding defendants motion to dismiss in part, and for summary judgment. (Docket No. 87.) The court granted summary judgment in favor of defendants as to the sexual harassment charges and as to her 14 day suspension from her employment at MEPS, but denied defendants' motion as to the two performance evaluations and her permanent dismissal from her employment. (Docket No. 87.)

## II. Standard

Summary Judgment is entered only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Straughn v. Delta Air Lines, Inc., 250 F.3d 23, 33 (1st Cir. 2001); see Abbadessa v. Moore Bus. Forms, Inc., 987 F.2d 18, 22 (1st Cir. 1993). To find in favor of the defendants, this court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." Suárez v. Pueblo Int'l, Inc., 229 F.3d 49, 53 (1st Cir. 2000); Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990); see Pérez v. Volvo Car Corp., 247 F.3d 303, 310 (1st Cir. 2001).

In a motion for summary judgment, the moving party must demonstrate "an absence of evidence to support the nonmoving party's case" to discharge its burden of proof. Celotex Corp. v. Catrett, 477 U.S. at 325. Then the nonmoving party adopts the burden of showing that there is a factual disagreement. "[T]o defeat a properly supported motion for summary judgment, the nonmoving party must establish a trial-worthy issue by presenting 'enough competent evidence to enable a finding favorable to the nonmoving

CIVIL 97-1594 (JAG)                              4

party." Hidalgo v. Overseas Condado Ins. Agencies, Inc., 120 F.3d 328, 332 (1st Cir. 1997) (quoting Leblanc v. Great Am. Ins. Co., 6 F.3d 836, 842 (1st Cir. 1993), cert. denied., 511 U.S. 1018 (1994)). Plaintiff may not rely on "conclusory allegations, improbable inferences, and unsupported speculation." Pagano v. Frank, 983 F.2d 343, 347 (1st Cir. 1993) (citing Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)); see Burns v. State Police Ass'n of Mass., 230 F.3d 8, 9 (1st Cir. 2000). Only at this point does the court construe material facts and reasonable inferences in favor of the non-moving party. Domínguez v. Eli Lilly & Co., 958 F. Supp. 721, 727 (D.P.R. 1997).

### III. Analysis

Title 42 U.S.C.A. § 2000 e-2 (a) states that:

> " It shall be unlawful employment practice for an employer:
> (1) to fail or refuse to hire or to discharge against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C.A.§ 2000 e-2(a).

Title 42 U.S.C.A. § 2000 e-3(a) states that:

> " It shall be unlawful employment practices for an employer to discriminate against any of his employees ... to discriminate against any individual...because he has opposed any practice made an unlawful employment practice by this subchapter, or because [she] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C.A. § 2000 e-3(a).

In employment discrimination cases, the plaintiff must make a prima facie case...showing that: (1) she is a member of a protected class; (2) her employer took an adverse employment action against her; (3) she was qualified for the employment she held; and (4) her position remained open or was filled by a person whose qualifications were similar to hers. Straughn v. Delta Air Lines Inc., 250 F.3d 23, 33 (1st Cir. 2001) (quoting Rodriguez- Cuervos v. Wal-Mart Stores, Inc., 181 F. 3d 15, 19 (1st Cir. 1999); see Rivera-

CIVIL 97-1594 (JAG)                                      5

Rodriguez v. Frito Lay Snacks Caribbean, a Div. of Pepsico Puerto Rico, Inc., 265 F.3d 15, 25 (1st Cir. 2001). Once the plaintiff has made out a prima facie case, a presumption that the employer unlawfully discriminated against the employee is created and the burden shifts to the employer to articulate a nondiscriminatory reason for the dismissal. Dominguez- Cruz v. Suttle Caribe Inc., 202 F.3d 424,430 (1st Cir. 2000)(quoting St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506-507(1993). If the defendant meets this burden, the presumption of discrimination created by the prima facie case drops away and the burden of production shifts back to the plaintiff to show that the employer's stated nondiscriminatory reason was a pretext for discrimination. Dominguez- Cruz v. Suttle Caribe Inc., 202 F.3d 424, 430 (1st Cir. 2000) (quoting Hicks at 507-508). Obviously, whether in a particular case a prima facie showing of discrimination and the disbelieved pretextual explanation make a stronger or weaker case for the plaintiff depends very heavily on the facts. Fite v. Digital Equipment Corp., 232 F. 3d 3, 7 ( 1st Cir 2000); see also Thomas v. Eastman Kodak Co., 183 F.3d 38, 57-58 (1st Cir. 1999).

In order for the plaintiff to succeed in a claim under 42 U.S.C.A. § 2000 e-3(a), the plaintiff must come forward with a *prima facie* case of retaliation. King v. Town of Hanover, 116 F. 3d 965, 968 (1st Cir. 1997). To establish a *prima facie* case of retaliation, plaintiff must show: (1) she engaged in protected conduct under Title VII; (2) she suffered an adverse employment action; and (3) a casual connection existed between the protected conduct and the adverse action. Fennell v. First Step Design, Ltd., 83 F. 3d 526, 535 (1st Cir. 1996). After plaintiff has established a *prima facie* case of retaliation, defendant has the burden of showing that the reasons for the adverse employment decision were not discriminatory but rather legitimate. King v. Town of Hanover, 116 F.3d at 968. If defendant does shows legitimate reasons for the actions taken against the plaintiff, then the

CIVIL 97-1594 (JAG)                                      6

former has to show that the reasons set forth by the defendant were in fact pretextual. Fennell v. First Step Design, Ldt., 83 F.3d at 535.

Plaintiff states in the complaint various instances where she claims she was the target of retaliatory actions by her supervisors. First, she claims that she was denied an initial counseling that is required by the Army Regulations; she argues that she was not provided with a written performance plan, which is required by the Total Army Performance Evaluation System; and lastly, she argues that she was performing extra duties not assigned to anybody else without any additional compensation or other recognition. (Docket No. 1.) Plaintiff argues that in all her years at the San Juan MEPS she has never had any problems concerning her performance or behavior in the work place, until she was under supervision from her new supervisors. (Docket No. 76.)

Plaintiff engaged in a protected conduct under Title VII when she filed an E.E.O. complaint against San Juan MEPS denouncing being the victim of harsh treatment by her supervisors, which resulted in gender-based and national origin discrimination and retaliation against her. (Docket No. 1.) Plaintiff suffered an adverse employment action when she was terminated from her position at San Juan MEPS. Although plaintiff engaged in a protected conduct and suffered from an adverse employment action, there is controversy as to the connection between the two.

Defendants claim that plaintiff's dismissal was based on her poor performance while working at the Entrance Processing Station at MEPS and not because of their discriminatory animus against her.(Docket No. 85.) Defendants argue that plaintiff's performance was unsatisfactory and had declined, in spite of her previous positive evaluations. (Docket No. 85.) Defendants also argue that plaintiff has failed to establish a prima facie case of discrimination against them. (Docket No. 85.) Plaintiff claims that defendants' reasons for dismissing her were purely pretextual. (Docket No. 76.) In her

CIVIL 97-1594 (JAG)                                7

motion, plaintiff states that defendants did not fully appreciate her work and consequently suffered for it by her being dismissed permanently from her position. (Docket No. 76.) The record also indicates that plaintiff performed all her duties in a more than satisfactory manner throughout all her years at San Juan MEPS. (Docket No. 76.)

Although plaintiff is a Puerto Rican woman, who was terminated from her job and qualified for the position she occupied at the San Juan MEPS, there is controversy as to whether she was discriminated against and dismissed from her position due to her gender and national origin. As to the claims of retaliation, plaintiff has failed to establish a casual connection between the protected conduct and the adverse action taken against her by her supervisors. Ramos v. Roche Products, Inc.,936 F. 2d 43, 49 (1st Cir. 1991).

In this case, there is sufficient evidence to establish a genuine issue of material facts regarding the reason for plaintiff's dismissal from her employment at MEPS, except with regards to retaliation. In view of the above, I recommend that plaintiff's motion for partial summary judgment be DENIED. As to claims under Title VII 42 U.S.C.A. § 2000 e-3(a), I recommend that they be DISMISSED, for failure to state a claim under which relief can be granted.

Under the provisions of Rule 510.2, Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111 (1986); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Secretary of Health & Human Servs., 836 F.2d 4,

CIVIL 97-1594 (JAG)                                    8

6 (1st Cir. 1987); <u>Scott v. Schweiker</u>, 702 F.2d 13, 14 (1st Cir. 1983); <u>United States v. Vega</u>, 678 F.2d 376, 378-79 (1st Cir. 1982); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 1st day of November, 2001.

JUSTO ARENAS<br>
United States Magistrate Judge