IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

NEREIDA CANCEL DE RUGG,
Plaintiff

v.

TOGO WEST, Secretary fo the Army;
WILLIAM COHEN, Secretary of
Defense; JOHN DOE and RICHARD
DOE,
Defendants

CIVIL No. 97-1594 (JAG)

## MAGISTRATE'S JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on motion for reconsideration filed by plaintiff Nereida Cancel de Rugg, on October 16, 2000. (Docket No. 99.) On November 21, 2000, defendant's filed a motion responding to plaintiff's motion for reconsideration as well as a motion to alter or amend the judgment. (Docket No. 101.) In said Opinion and Order, subject of this reconsideration, (Docket No. 87.), the court granted summary judgment in favor of defendants as to the sexual harassment charges and as to plaintiffs' 14 day suspension, but denied defendants' motion as to the two performance evaluations and permanent dismissal of the plaintiff form her employment. (Docket No. 87.)

Plaintiff asks this court to reconsider its judgment as to the sexual harassment charges as well as to her 14 day suspension and resolve that these claims constitute adverse employment actions against her. (Docket No. 99.) The court entered judgment dismissing these claims on the grounds that defendants had set forth non-discriminatory reasons for their actions against the plaintiff and not because they did not constitute adverse employment actions. (Docket No. 87.) Plaintiff has failed to offer substantial new evidence that would warrant reconsideration as to these claims. Therefore, I recommend the court DENY plaintiff's motion for reconsideration.

CIVIL 97-1594 (JAG)                                                2

Defendants request that the court alter or amend the judgment by finding that no genuine issue of material facts exists regarding plaintiff's claim that her removal was motivated by discrimination and retaliation. (Docket No. 101.) On July 10, 2000, this court found that there was a genuine issue of material facts regarding defendant's reasons for plaintiff's removal. (Docket No. 87.) A review of both plaintiff's and defendant's arguments, leads me to recommend that the motion to alter or amend be DENIED. There is yet a genuine issue of material facts concerning the reasons for plaintiff's removal from the San Juan MEPS.

Under the provisions of Rule 510.2, Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111 (1986); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Secretary of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 1st day of November, 2001.

JUSTO ARENAS
United States Magistrate Judge