

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

NEREIDA CANCEL DE RUGG

    **Plaintiff,**

CIVIL NO. 97-1594(JAG)

    v.

LOUIS CALDERA, JR., <u>et al.</u>

    **Defendants.**

---

## MEMORANDUM AND ORDER

GARCIA-GREGORY, D.J.

Pending before the Court are plaintiff Nereida Cancel de Rugg's ("Rugg") objections to Magistrate-Judge Justo Arenas's reports and recommendations (Docket Nos. 104, 105) on her motion for partial summary judgment (Docket No. 76) and her motion for reconsideration (Docket No. 99) of the Court's July 11, 2000 Opinion and Order granting defendants's motion for summary judgment in part, and denying it in part. (Docket No. 87)(Fusté, D.J.). Upon review of plaintiff's objections, the Court denies them.[1]

---

[1] In a motion filed on March 6, 2002, the defendants argued that the Magistrate-Judge did not rule upon their motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e)(Docket No. 120). A review of the record shows otherwise. The Magistrate-Judge denied that motion in a Report and Recommendation issued on November 5, 2001. (Docket No. 105 at 2.) The Court will not

Civil No. 97-1594(JAG)                                                        2

## STANDARD OF REVIEW

A district court may, on its own motion, refer a pending matter to a United States Magistrate Judge for a report and recommendation. 28 U.S.C. §§ 636(b)(1)(B); Fed. R. Civ. P. 72(b); Local Rule 503. The losing party may contest the report and recommendation by filing written objections within ten days of being served with a copy of the report and recommendation. The Court must then make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The Court may accept, reject or modify, in whole or in part, the magistrate's recommendations. "Failure to raise objections to the report and recommendation waives that party's right to review in the district court and those claims not preserved by such objections are waived on appeal." Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992).

## DISCUSSION

On November 5, 2001, the Magistrate-Judge issued two separate rulings denying Rugg's motion for partial summary judgment, wherein she argued, <u>inter alia</u>, that there was no factual disagreement as

---

revisit that ruling at this time.

to defendants's discriminatory animus regarding her dismissal.[2] (Docket No. 104.) Also on November 5, 2001, the Magistrate-Judge denied Rugg's motion for reconsideration of an Opinion and Order (Docket No. 87) granting summary judgment for defendants on Rugg's sexual harassment claims and on the fourteen-day suspension claim. (Docket No. 105.)

Rugg's objections to the Magistrate Judge's reports and recommendations have been presented to the Court "in a slightly revised version of the original" motion she filed previously with the Court. Lopez v. Chater, 8 F. Supp.2d 152, 155 (D.P.R. 1998). The seventy-two page motion bears a heavy - and, in several instances, identical - resemblance to the motion for partial summary judgment (and opposition to defendants's motion for summary judgment). Compare Docket No. 116 with Docket No. 76. When a party files objections to a report and recommendation, it must comply with all requirements set forth in the local rules, including specificity." Id. (emphasis supplied).

---

[2] The procedural and factual background of this case has been extensively detailed in Judge Fusté's well-reasoned Opinion and Order dated July 11, 2000. (Docket No. 87 at 2-12.) Accordingly, the Court will not restate it here.

Civil No. 97-1594(JAG)                                                          4

In <u>Agront v. Chater</u>, 1996 WL 148619 (D.P.R. 1996), the Court noted that plaintiff had filed an objection to the report that was "an exact duplicate, almost word for word, of Plaintiffs' Memorandum of Law that the Magistrate Judge considered." <u>Id.</u> at *1. In <u>Agront</u>, the Court adopted the report and recommendation in full, without separately considering plaintiff's rehashed arguments.[3] The Court will do the same here. Not only does Rugg's motion fail to comply with Local Rule 510.2 for lack of specificity,[4] but it also does not reflect an understanding that a party may not simply restate the arguments that the Magistrate-Judge has already considered and expect the Court to treat the filing seriously. <u>See</u>, <u>e.g.</u>, <u>Santiago v. Canon U.S.A.</u>, 138 F.3d 1, 4 (1st Cir. 1998)(holding that a district court has no independent duty to scrutinize the record *de novo* absent specific objections

---

[3] The Court notes, however, that it has reviewed Rugg's submissions, as well as the reports and recommendations issued by the Magistrate-Judge, and sees no reason to disturb his rulings.

[4] Rule 510.2 provides, in pertinent part, that a party shall file written objections "which shall <u>specifically identify</u> the portions of the proposed findings, recommendations or report to which objection is made and the legal basis for such objections." (Emphasis supplied.)

Civil No. 97-1594(JAG)                                                          5

pursuant to Local Rule 510.2). Rugg's failure to assert specific objections to the reports and recommendations dooms her claim.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS Magistrate-Judge Arenas's reports and recommendations (Docket Nos. 104, 105). Judgment shall enter dismissing Rugg's sexual harassment and retaliation claims, as well as her claim regarding the fourteen-day suspension, with prejudice. Trial will be scheduled regarding: (1) the two performance evaluations, and (2) Rugg's permanent dismissal from employment. The Court shall issue a Trial Scheduling Order accordingly.

This Opinion disposes of Docket Nos. 76, 99, 116, and 120.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 23rd day of April, 2002.

JAY A. GARCIA-GREGORY
United States District Judge

AO 72A
(Rev. 8/82)